IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 07-cv-01625-MSK

NATHAN MONTOYA,

      Petitioner,

v.

ARI ZAVARES, Executive Director of Prisons, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

      Respondents.

---

**ORDER ON PETITION FOR HABEAS CORPUS**

---

THIS MATTER comes before the Court on the Petitioner's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (# 4)[1], which the Respondents answered (# 12). The Petitioner filed no traverse. Having considered the same, along with the pertinent portions of the State Court record (# 23), the Court

**FINDS** and **CONCLUDES** that:

**I. Jurisdiction**

The Court exercises subject matter jurisdiction pursuant to 28 U.S.C. § 2254 and 1331.

---

[1]Because the Petitioner appears *pro se*, the Court construes his filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, the Court does not serve as his advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## II. Background

On April 17, 2002[2], the Petitioner was charged in state court with first degree burglary, two counts of second degree kidnapping, class four felony sexual assault, two counts of class three felony assault, class two sexual assault, and seven counts of conspiracy.[3] The charges stemmed from the allegation that the Petitioner, acting with others, took sixteen-year old RA from her home, drove her to a warehouse in Commerce City and sexually assaulted her. The Petitioner pled not guilty to all charges, and his case was tried to a jury from December 3-11, 2002. On December 11, 2002, the jury found the Petitioner guilty of sexual assault, second degree kidnapping, and first degree burglary. On February 21, 2003, the trial court sentenced the Petitioner to consecutive sentences of fifty-one years to life.

The Petitioner filed a direct appeal on December 15, 2004, and the Colorado Court of Appeals affirmed his conviction on February 23, 2006. *See People v. Montoya*, 141 P.3d 916 (Colo. App. 2006). The Petitioner then filed a petition for certiorari with the Colorado Supreme Court, which was denied on August 28, 2006. The mandate issued on August 30, 2006.

The Petitioner commenced this action on August 22, 2007, alleging that: (1) the trial court violated the Petitioner's right to a fair trial by denying a challenge for cause to a prospective juror; (2) the trial court erroneously instructed the jury on the burden of proof, in violation of the Petitioner's right to due process; and (3) the trial court imposed an aggravated range sentence based upon findings of fact that were not charged, found by the jury, nor proved

---

[2]The Petitioner was first charged on March 21, 2002, but the State amended the charges on April 17, 2002. Answer at 2.

[3]This general introductory background is taken from the statement of facts in Petitioner's opening brief on direct appeal. Answer at Exhibit A, p. 6-9.

beyond a reasonable doubt.

### III.  Legal Standard

In the course of reviewing state criminal convictions in federal habeas corpus proceedings, a federal court does not sit as a super-state appellate court. *See Estelle v. Mcguire*, 502 U.S. 62, 67-68 (1991); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). "When a federal district court reviews a state prisoner's habeas petition pursuant to 28 U.S.C. § 2254 . . . . [it] does not review a judgment, but the lawfulness of the petitioner's custody *simpliciter*." *Coleman v. Thompson*, 501 U.S. 722, 730 (1991) (internal quotations and citations omitted). The exhaustion of state remedies requirement in federal habeas cases dictates that a state prisoner must "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

Because the Petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996, that statute governs the Court's review. *Cannon v. Mullin,* 383 F.3d 1152, 1158 (10th Cir. 2004) (citing *Rogers v. Gibson,* 173 F.3d 1278, 1282 n. 1 (10th Cir. 1999)). Under the Antiterrorism and Effective Death Penalty Act, a district court may only consider a habeas petition when the petitioner argues that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

Title 28 U.S.C. § 2254(d) provides that a writ of habeas corpus may not be issued with respect to any claim that was adjudicated on the merits in state court unless the state court adjudication:

> (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as

>  determined by the Supreme Court of the United States; or
>
>  (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Claims of legal error and mixed questions of law and fact are reviewed pursuant to 28 U.S.C. § 2254(d)(1). *See Cook v. McKune*, 323 F.3d 825, 830 (10th Cir. 2003). The threshold question pursuant to § 2254(d)(1) is whether Petitioner seeks to apply a rule of law that was clearly established by the Supreme Court at the time his conviction became final. *See Williams v. Taylor*, 529 U.S. 362, 390 (2000). Clearly established federal law "refers to the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision." *Id*. at 412. Furthermore,

>  clearly established law consists of Supreme Court holdings in cases where the facts are at least closely-related or similar to the case *sub judice*. Although the legal rule at issue need not have had its genesis in the closely-related or similar factual context, the Supreme Court must have expressly extended the legal rule to that context.

*House v. Hatch*, 527 F.3d 1010, 1016 (10th Cir. 2008).

If there is no clearly established federal law, that is the end of the Court's inquiry pursuant to § 2254(d)(1). *See id*. at 1018. If a clearly established rule of federal law is implicated, the Court must determine whether the state court's decision was contrary to or an unreasonable application of that clearly established rule of federal law. *See Williams*, 529 U.S. at 404-05.

>  A state-court decision is contrary to clearly established federal law if: (a) "the state court applies a rule that contradicts the governing law set forth in Supreme Court cases"; or (b) "the state

> court confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a result different from [that] precedent." *Maynard* [*v. Boone*], 468 F.3d [665,] 669 [(10th Cir. 2006)] (internal quotation marks and brackets omitted) (quoting *Williams*, 529 U.S. at 405). "The word 'contrary' is commonly understood to mean 'diametrically different,' 'opposite in character or nature,' or 'mutually opposed.'" *Williams*, 529 U.S. at 405 (citation omitted).
>
> A state court decision involves an unreasonable application of clearly established federal law when it identifies the correct governing legal rule from Supreme Court cases, but unreasonably applies it to the facts. *Id*. at 407-08. Additionally, we have recognized that an unreasonable application may occur if the state court either unreasonably extends, or unreasonably refuses to extend, a legal principle from Supreme Court precedent to a new context where it should apply.

*House*, 527 F.3d at 1018.

The Court's inquiry pursuant to the "unreasonable application" clause is an objective one. *See Williams*, 529 U.S. at 409-10. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather that application must also be unreasonable." *Id*. at 411. "[A] decision is 'objectively unreasonable' when most reasonable jurists exercising their independent judgment would conclude the state court misapplied Supreme Court law." *Maynard*, 468 F.3d at 671. "[O]nly the most serious misapplications of Supreme Court precedent will be a basis for relief under § 2254." *Id*.

Claims of factual error are reviewed pursuant to 28 U.S.C. § 2254(d)(2). *See Romano v. Gibson*, 278 F.3d 1145, 1154 n.4 (10th Cir. 2002). Section 2254(d)(2) allows a court to grant a writ of habeas corpus only if the state court decision was based on an unreasonable determination of the facts in light of the evidence presented. Pursuant to § 2254(e)(1), the Court

must presume that the state court's factual determinations are correct and the Petitioner bears the burden of rebutting the presumption by clear and convincing evidence. "The standard is demanding but not insatiable . . . [because] '[d]eference does not by definition preclude relief.'" *Miller-El v. Dretke*, 545 U.S. 231, 240 (2005) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003)).

Finally, the Court "owe[s] deference to the state court's *result*, even if its reasoning is not expressly stated." *Aycox v. Lytle*, 196 F.3d 1174, 1177 (10th Cir. 1999). Therefore, the Court "must uphold the state court's summary decision unless [the court's] independent review of the record and pertinent federal law persuades [it] that [the] result contravenes or unreasonably applies clearly established federal law, or is based on an unreasonable determination of the facts in light of the evidence presented." *Id.* at 1178. "[T]his 'independent review' should be distinguished from a full *de novo* review of the petitioner's claims." *Id.*

### IV. Analysis

#### A. Procedural Bar

Respondents assert that the Petitioner's first claim is procedurally barred, because it was not raised as a federal constitutional question to the Colorado Supreme Court. Answer at 7. Respondents concede that in his opening brief filed with the Colorado Court of Appeals, the Petitioner presented all three claims raised in the instant petition as issues of federal constitutional law. *Id.* Respondents argue that, in his certiorari petition to the Colorado Supreme Court, the Petitioner modified his first claim such that the federal basis for the claim was eliminated. *Id.* As an extension of this argument, Respondents and the Petitioner dispute whether Colorado Rule of Appellate Procedure 51.1 would excuse the Petitioner's alleged failure

to fairly present his first claim to the Colorado Supreme Court. *Id.* at 9-10; Petition at 5.

Pursuant to 28 U.S.C. § 2254(b)(1), a petition for a writ of habeas corpus may not be granted unless it appears that the petitioner has exhausted state remedies or that no adequate state remedies are available or effective to protect the petitioner's rights. *See O'Sullivan*, 526 U.S. at 838; *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). A claim has been exhausted when it has been "fairly presented" to the state court. *Bland v. Sirmons*, 459 F.3d 999, 1011 (10th Cir. 2006) (citing *Picard v. Connor*, 404 U.S. 270, 275 (1971)). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534. Although fair presentation does not require that a habeas corpus petitioner cite "book and verse on the federal constitution," *Picard,* 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Anderson v. Harless,* 459 U.S. 4, 6 (1982) (per curiam). Instead, a claim must be presented as a federal constitutional claim in the highest state court proceedings in order to be exhausted. *See Duncan v. Henry,* 513 U.S. 364, 365-66 (1995) (per curiam).

Upon review of the Petitioner's certiorari petition to the Colorado Supreme Court, the Court finds that the Petitioner's claim that the trial court erred in failing to excuse a juror for cause was raised and that he has exhausted his state court remedies. When raising this claim in his certiorari petition, the Petitioner cited to the Due Process clause of the Fifth and Fourteenth Amendments, as well as the Supreme Court's holding in *Hicks v. Oklahoma*, 447 U.S. 343, 346 (1980). *See* Answer at Exhibit E, p. 9. The Petitioner's certiorari petition can fairly be construed to assert that the trial court's failure to excuse the juror for cause violated the

Petitioner's fundamental right to a fair trial, as guaranteed by the Fifth and Fourteenth Amendments. This is the same issue that the Petitioner's first claim raises here. *See* Petition at 5. Because this claim was fairly presented as a federal constitutional claim to the highest state court, the Court need not address the applicability of Colorado Rule of Appellate Procedure 51.1, and will instead address the merits of the Petitioner's claims, as set forth below.

### B. Claim One

In his first claim, the Petitioner argues that the trial court violated his right to a fair trial when it denied his challenge for cause to prospective juror Dr. Breen. Petition at 5. In his direct appeal, the Petitioner argued that this juror stated in her jury questionnaire that her best friend had been gang-raped and her brother sexually assaulted as a child. *See* Answer at Exhibit A, p. 12. She also stated that if the alleged victim was a minor, she was concerned that her feelings about sexual assaults against children would cloud her judgment. *Id.* After questioning Juror Breen in chambers, defense counsel challenged her for cause. *Id.* at 14. The state court denied the challenge, and defense counsel exercised a peremptory challenge for Juror Breen, ultimately exhausting all of the Petitioner's peremptory challenges. *Id.*

State trial courts have broad discretion in ruling on the qualification of prospective jurors. A state trial judge's exercise of that discretion may be overturned only for manifest error. *See Mu'Min v. Virginia*, 500 U.S. 415, 428 (1991) (citations omitted). The constitutional requirement of juror impartiality requires that a juror be able to lay aside his or her opinion "and render a verdict based on the evidence presented in court . . . ." *Patton v. Yount*, 467 U.S. 1025, 1037 n. 12 (1984). Whether a particular juror can actually meet this standard is "a determination [of the trial court] to which habeas courts owe special deference . . . ." *Id.* at 1038.

8

A state court's factual determination on the question of whether a juror would be impartial and decide the case on the evidence is entitled to a presumption of correctness. *Id.*; 28 U.S.C. § 2254(e)(1). The question on habeas review is whether there is fair support in the record for the state court's determination that the prospective juror would be impartial. *Patton*, 467 U.S. at 1038; *see also Wainwright v. Witt*, 469 U.S. 412, 426-29 (1985). This presumption is overcome only if Petitioner establishes defects in either the voir dire procedure or the qualification of the jurors. However, such defects are constitutionally inadequate only when they "render [Petitioner's] trial fundamentally unfair." *Mu'Min*, 500 U.S. at 426.

In addressing this claim, the Colorado Court of Appeals applied state case law and found that "[h]aving reviewed the entire record of the voir dire of the prospective juror, we conclude that the trial court did not abuse its discretion when it determined that the challenged juror could be fair and impartial." *Montoya*, 141 P.3d at 920 (citation omitted). Although the Colorado Court of Appeals exclusively applied state law, the cases cited by it do not contain a legal standard "diametrically different" from, "opposite in character or nature" from, or "mutually opposed" to the correct legal standard. *Williams*, 529 U.S. at 406-07. Because the state court identified and applied the correct governing legal principle in this regard, the Petitioner had not demonstrated that he is entitled to relief on this claim under 28 U.S.C. § 2254(d)(1).

Moreover, a review of the state court findings regarding the voir dire of the juror demonstrates that the factual determinations were reasonable in light of the evidence presented. The Colorado Court of Appeals found as follows:

> Here, the trial court thoroughly questioned the challenged juror in chambers. The court inquired as to whether her "rational power might be interfered with" due to her emotions about her friend's experience of being raped. The juror responded, "I would like to say no, but I think they might be." When

9

>the court asked her whether she had "some hesitation about that," she responded, "I do. I do."
>
>However, in response to questioning by the prosecution, the juror, without reservation, indicated that she would require the prosecution to prove its case beyond a reasonable doubt. The prosecutor asked the prospective juror, "[W]ould you hold the prosecution to proving this case beyond a reasonable doubt?" The juror responded, "Absolutely." The prosecutor further probed, And if I missed an element - you know, the judge said that there will be a list of elements. If I miss one, do you think your emotions would make it so that you would find [defendant] guilty even though you did not believe that [the prosecution] had proven all of the charges beyond a reasonable doubt?
>
>The juror responded, "No. I think I can be impartial enough that I could step aside and be sure that all of the criteria had been fulfilled."
>
>The trial court determined that, although the juror had concerns about her friend's experience, she had responded "unequivocally" that she would hold the prosecution to the burden of proving each element beyond a reasonable doubt even if she was "feeling very emotional and sympathetic for the victim."
>
>The court further found: [The] evidence in this case might remind her about what happened to her friend, it might make it difficult for her to serve, but I don't think there was anything she said in answer to counsel's questions that indicated she couldn't be fair and impartial, despite that emotional overlay, or the potential for that emotional overlay.
>  . . .
>
>Her responses, taken as a whole, reflect that while serving as a juror may have been difficult for her, she would base her decision on the evidence and the law and would follow the court's instructions.

*Montoya*, 141 P.3d at 919-20.

The appellate court noted that the juror had a close friend who had been sexually assaulted, but when weighed against the juror's indication that she could set aside her personal feelings and base her decision on the evidence, found that voir dire as a whole supported the conclusion that the juror could be fair and impartial. *See id.* Pursuant to 28 U.S.C. § 2254(e)(1), "a determination of a factual issue made by a State court shall be presumed to be correct. The

[Petitioner] shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." This presumption of correctness applies to factual findings of state appellate courts as well as to trial courts. *Sumner v. Mata*, 449 U.S. 539, 547 (1981). Here, the Petitioner present no such "clear and convincing evidence" to rebut the correctness of the state court's findings.

Finally, to the extent that the Petitioner argues that the trial court's denial of his request to strike the juror for cause required him to use one of his peremptory challenges to remove the juror, thereby denying him his full complement of peremptory strikes in violation of his constitutional rights, the Court finds that this argument also fails. In *United States v. Martinez-Salazar*, the Supreme Court found that "peremptory challenges [to prospective jurors] are not of constitutional dimension, rather they are one means to achieve the constitutionally required end of an impartial jury." 528 U.S. 304, 307 (2000) (quoting *Ross v. Oklahoma*, 487 U.S. 81, 88 (1988) (internal quotation marks omitted)). In *Martinez-Salazar*, the Court examined "the erroneous refusal of a trial judge to dismiss a potential juror for cause, followed by the defendant's exercise of a peremptory challenge to remove that juror." *Id.* The Court held that "if the defendant elects to cure such error by exercising a peremptory challenge, and is subsequently convicted by a jury on which no biased juror sat, he has not been deprived of any rule-based or constitutional right." *Id.; see also United States v. Brooks*, 161 F.3d 1240, 1245 (10th Cir. 1998) (even if the district court erred in refusing to excuse a biased juror for cause, the error was harmless because the defendant exercised a peremptory challenge to strike the juror). Accordingly, even if the trial court erred in failing to remove the juror for cause, the Petitioner cured any constitutional error when he used a peremptory challenge to achieve an impartial jury.

*Martinez-Salazar*, 528 U.S. at 307; *Ross*, 487 U.S. at 88.  Finally, the Petitioner does not contend that any of the jurors who actually served on the jury were biased or prejudiced against him. Therefore, the Court finds and concludes that federal habeas relief is not warranted on this claim.

### C.  Claim Two

In his second claim, the Petitioner alleges that the jury was improperly instructed as to complicitor liability, in violation of his fundamental right to a fair trial.  Petition at 6.  In his direct appeal, the Petitioner argued that "the court erroneously instructed the jury that it could find [Petitioner] guilty even if it did not find that each of the elements necessary for complicity liability were proved beyond a reasonable doubt."  Answer at Exhibit A, p. 15.  The Petitioner objects to Jury Instruction No. 22, which he asserts inappropriately "advised the jury that it did not have to consider the elements of complicity so long as it concluded that one or more of the alleged participants committed acts constituting elements of the offense."  *Id.* at 18.

"[N]ot every ambiguity, inconsistency, or deficiency in a jury instruction rises to the level of a due process violation."  *Middleton v. McNeil*, 541 U.S. 433, 437 (2004).  As such, "[a] § 2254 petitioner has a heavy burden in attempting to set aside a state conviction based on an erroneous jury instruction."  *Nguyen v. Reynolds*, 131 F.3d 1340, 1357 (10th Cir. 1997).  "[A]s a general rule, errors in jury instructions in a state criminal trial are not reviewable in federal habeas corpus proceedings, unless they are so fundamentally unfair as to deprive petitioner of a fair trial and . . . due process of law."  *Patton v. Mullin*, 425 F.3d 788, 807 (10th Cir. 2005) (quotation omitted); *see also Henderson v. Kibbe*, 431 U.S. 145, 154 (1977) (holding that in considering a habeas claim based on an improper jury instruction, the court must ask "whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due

process, not merely whether the instruction is undesirable [or] erroneous") (quotations omitted)). The improper instruction "may not be judged in artificial isolation," *id.* (quotation omitted), but must be considered "in the context of the instructions as a whole and the trial record." *Estelle*, 502 U.S. at 72.

Here, the Colorado Court of Appeals found that:

> Defendant argues that "[b]y couching the reference to the complicity instruction in permissive language, the instruction allowed the jury to convict [him] even if the prosecution failed to prove the necessary elements for complicity liability." However, defendant admits that the jury was instructed in Instruction No. 11 that each of the elements of complicity must be proved beyond a reasonable doubt for defendant to be found guilty as a complicitor.
>
> Defendant points out that the jury asked whether he had to meet all the elements of complicitor liability. However, the court's response to the jury expressly reiterated that "[u]nder that Instruction 11, you may find [defendant] guilty as a complicitor *only if you find that the prosecution has proved each of the five elements in that Instruction beyond a reasonable doubt*" (emphasis supplied).
>
> Instruction No. 4 further instructed the jury that "[t]he burden of proof is upon the prosecution to prove to the satisfaction of the jury beyond a reasonable doubt the existence of all of the elements necessary to constitute the crimes charged" and that "[i]f you find from the evidence that the prosecution has failed to prove any one or more of the elements beyond a reasonable doubt you will find the Defendant Not Guilty."

*Montoya*, 141 P.3d at 921-22.

With regard to jury instruction No. 22, the Colorado Court of Appeals found only that the jury was instructed that "it 'may consider complicity as defined in Instruction No. 11, in deciding [defendant's] guilt.'" *Id.* at 921. The Colorado Court of Appeals further evaluated the jury instructions as a whole, and concluded that for the jury to convict on complicity, the instructions required the prosecution to prove beyond a reasonable doubt that: (1) a crime was committed, (2) another person committed all or part of the crime, (3) the Petitioner had

knowledge that the other person intended to commit all or part of the crime, (4) the Petitioner had the intent to promote or facilitate the commission of the crime, and (5) the Petitioner aided, abetted, advised, or encouraged the other person in the commission or planning of the crime. *Id.* at 921-22.

This Court finds that the decision of the Colorado Court of Appeals was not contrary to or an unreasonable application of clearly established federal law, nor was it an unreasonable determination of the facts presented in the state court proceeding. Having carefully reviewed the record and the jury instructions as a whole, this Court agrees that the effect of the jury instructions was to require the prosecution to prove all of the elements of complicity beyond a reasonable doubt. *See* Trial Court Record, Vol. 1 at 96-125.   The jury instructions in this case do not meet the standard of being "so fundamentally unfair as to deprive petitioner of a fair trial and to due process of law." *Nguyen*, 131 F.3d at 1347.  Accordingly, the Petitioner is not entitled to relief on this claim.

### D. Claim Three

In his third claim, the Petitioner alleges that his right to due process was violated because the trial court imposed an aggravated range sentence based upon findings of fact that were not charged, found by a jury, nor proven beyond a reasonable doubt.  Petition at 6.  Respondents argue that it was proper for the judge to impose an aggravated range sentence because it was based upon the fact of the Petitioner's prior conviction.  Answer at 19-21.

In *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the Supreme Court held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable

doubt." *Id*. at 490.  As such, instead of submitting the fact of a defendant's prior conviction to the jury, the trial court may take judicial notice of a prior conviction in support of its sentencing decision.  In *Blakely v. Washington*, 542 U.S. 296 (2004), the Supreme Court further explained the *Apprendi* requirements, and noted that the presumptive maximum is the highest sentence a trial court can impose on the basis of the jury verdict or facts admitted by the defendant without making additional factual findings.  *Id.* at 303.

In addressing this claim, the Colorado Court of Appeals considered the United States Supreme Court's ruling in *Apprendi*, but found that:

> Here, the court applied § 18-1.3-401(8)(a)(II) and (III) of Colorado's aggravated sentencing statute, which provides that extraordinary aggravating circumstances include that a defendant "was on parole for another felony at the time of the commission of the felony" or "was on probation . . . while awaiting sentencing following revocation of probation for another felony at the time of the commission of the felony."  If a court finds the presence of these aggravating circumstances, it must "sentence the defendant to a term of at least the midpoint in the presumptive range but not more than twice the maximum term authorized in the presumptive range for the punishment of a felony."  Section 18-1.3-401(8)(a), C.R.S. 2005.
>
> The trial court determined that defendant was subject to mandatory aggravation of his burglary and kidnapping convictions, after it found that defendant was on probation, on parole, or under supervision.  The court reviewed the aggravated sentencing ranges pertaining to defendant's burglary and kidnapping convictions with counsel, and defense counsel agreed with the ranges set forth by the court.  Furthermore, in response to the court's inquiry, defense counsel indicated that she did not have any corrections or additions to the presentence report.
>      . . .
>
> Although defendant did not admit that he was on parole or probation, defense counsel did not contend that the presentence report was incorrect regarding defendant's parole or probationary status, even after being given an opportunity to do so by the court.  Additionally, defendant did not object to the aggravated sentencing ranges set forth by the court and, in fact, agreed that such ranges were correct.  Under these circumstances, we conclude the defense conceded to the contents of the presentence report.  *See People v. Fogle*, 116 P.3d

>    1227, 1230 (Colo. App. 2004) (when a defendant does not dispute the
>    representation made by defense counsel at the time they are made and does not
>    subsequently deny that he was under supervision at the time he committed the
>    offense, "we may properly treat counsel's statements as an admission by
>    defendant").
>
>    We further conclude that the fact that defendant was on parole or
>    probation is inextricably linked to his prior conviction and thus falls within the
>    prior conviction exception set forth in *Apprendi v. New Jersey, supra; Blakely v.
>    Washington, supra;* and *Lopez v. People, supra.* The *Lopez* court called such
>    facts "*Blakely*-exempt" because their use by the sentencing court does not
>    implicate the *Blakely* rule. *Lopez v. People, supra,* 113 P.3d at 723.

*Montoya*, 141 P.3d at 922.

The trial court's factual finding that the Petitioner was on probation, parole or under supervision when the crime was committed is presumed to be correct. *Sumner,* 455 at 591-92. Likewise, the Colorado Court of Appeals' conclusion that the Petitioner was on parole or probation during the commission of the offenses, *see Montoya*, 141 P.3d at 922, is also entitled to a presumption of correctness. *Sumner*, 455 U.S. at 591-92. Therefore, the Petitioner bears the burden of rebutting this presumption by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1). The Petitioner does not attempt to contradict this factual finding, either in his petition or during his direct appeal. Instead, his challenge is limited to whether the state court could appropriately take judicial notice of the fact of his parole, or whether such fact had to be found by the jury.

In applying the habeas corpus test of whether a state court decision is contrary to or unreasonably applies clearly established federal law, federal law is "clearly established" by holdings of the Supreme Court, as opposed to dicta, as of the time of the relevant state court decision. *Williams*, 529 U.S. at 412. The rule sought by the Petitioner must have been dictated or compelled by the United States Supreme Court. *Id.* at 362.

This Court cannot find, and the Petitioner has not identified, any Supreme Court precedent which prevents a state court from considering a defendant's parole or probation status in sentencing. Indeed, both the Tenth Circuit Court of Appeals and the Colorado courts have held that a defendant's status as a parolee falls within the *Apprendi* prior conviction exception, and does not have to be found by a jury. *See United States v. Corchada*, 427 F.3d 815, 820 (10th Cir. 2005) (finding that the "'prior conviction' exception extends to 'subsidiary findings' such as whether a defendant was under court supervision when he or she committed a subsequent crime."); *Lopez v. People*, 113 P.3d 713, 726-27 (Colo. 2005) (holding that fact of parole is *Blakely*-exempt); *People v. Montoya*, 141 P.3d 916, 922 (Colo. App. 2006) (finding that because defendant's status as a parolee is "inextricably linked" to his prior conviction, this fact falls within the *Apprendi* prior conviction exception and is considered "*Blakely*-exempt").

The Colorado Court of Appeals's determination that the trial court properly considered the Petitioner's status in imposing sentence is neither contrary to nor a misapplication of Supreme Court precedent and Petitioner is not entitled to federal law. Consequently, habeas relief on this claim.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that the Petitioner Nathan Montoya's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 **(# 4)** is **DENIED**.

DATED this 23rd day of June, 2009.

BY THE COURT:

*/s/ Marcia S. Krieger*
_____

                                                  Marcia S. Krieger
                                                  United States District Judge